NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN PECORENO,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE EGG HARBOR TOWNSHIP POLICE, et al.,<br><br>Defendants. | Civil Action No. 23-22399 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, ("IFP," ECF No. 1-1), filed by *pro se* Plaintiff John Pecoreno ("Plaintiff"), along with a Complaint, ("Compl.," ECF No. 1).[1] For the reasons set forth below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, and **DISMISSES** the Complaint.

**I.      BACKGROUND**

Plaintiff is currently incarcerated at Northern State Prison. (IFP at 4.) He filed a seven-page Complaint against Little Egg Harbor Township Police Department (the "Police Department"), New Jersey State Parole Board (the "Parole Board"), and John Doe #1-10 (collectively, "Defendants"), seeking damages in connection with an alleged deprivation of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. 1983 ("Section 1983") and 42 U.S.C. 1985[2] ("Section 1985"). (Compl. ¶ 1.) More specifically, Plaintiff alleges that officers at the Police

---

[1] Plaintiff requested leave to file an amended complaint, (ECF No. 5), which the Court granted almost three months ago, (ECF No. 6). To date, Plaintiff has failed to amend his complaint, and the deadline for amendment as set by the Court expired on September 17, 2024. (*See id.* at 2.)

[2] Noting Plaintiff's *pro se* status, the Court will presume Plaintiff is seeking to bring a claim under 42 U.S.C. 1985, even though he writes "28 U.S.C. 1985" in the Complaint. (*See* Compl. ¶ 1.)

Department "illegally seized four cell phones" from the home of Plaintiff's father. (*Id.* ¶ 17.) However, the circumstances surrounding this purported illegal seizure are difficult to discern from the Complaint, with Plaintiff at one point alleging the seizure took place on February 12, 2023 prior to a warrant being issued, and at another point alleging the same seizure took place days later on February 15, 2023. (*Id.* ¶ 17.) Plaintiff further vaguely alleges that after reviewing conversations on the phones, an officer "illegally gave the information to an employee of the [Parole Board]." (*Id.* ¶ 19.) Plaintiff appears to allege that information connected to conversations on the illegally-seized cell phones was then improperly presented at Plaintiff's parole violation hearing. (*Id.* ¶ 20.)

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. The application's Affidavit of Poverty indicates Plaintiff is currently incarcerated at Northern State Prison, where he receives $15.00 per month as part of his employment by the correctional facility. (IFP at 2, 4.) The Affidavit notes Plaintiff does not have cash, a checking account, or a savings account, and he does not otherwise own any assets or property. (*Id.* at 3.) Plaintiff also attached to his application a certified trust fund account statement from Northern State Prison. (*Id.* at 4–13.) The account statement shows that as of the time of filing the Complaint, Plaintiff had $54.75 in his "spendable" account. (*Id.* at 4.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e)

empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DISCUSSION

#### A. IN FORMA PAUPERIS APPLICATION

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). Prisoners are additionally required to submit "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2).

Plaintiff's certified trust fund account statement indicates that he had only $54.75 in his prison spending account at the time of the filing of the Complaint. (IFP at 4.) The Court finds that this demonstrates that Plaintiff is unable to pay the $405.00 filing fee. Therefore, Plaintiff has pled

his circumstances with sufficient particularity, and the Court **GRANTS** Plaintiff's *in forma pauperis* application.

### B. REVIEW OF COMPLAINT

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court initially finds that Plaintiff does not have standing to contest an allegedly illegal search of his father's home—where Plaintiff has not alleged he lived or even stayed for any period of time. (Compl. ¶17); *see Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) (holding a defendant "who is aggrieved by an illegal search and seizure through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed"). Further, Plaintiff has not asserted any ownership or possessory interest in the phones that were allegedly seized as part of the search. *See Gardner v. McGroarty*, 68 F. App'x 307, 311 (3d Cir. 2003) ("'Seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property"). Therefore, the Court finds it unlikely Plaintiff has standing to pursue the instant action. However, given that the Complaint's allegations are difficult to make out, the Court addresses additional reasons for the dismissal of

this action below. Because the named Defendants are differently-situated, the Court addresses each in turn.

    i.    Parole Board

The Court finds that the Parole Board is immune from suit under the Eleventh Amendment of the U.S. Constitution. The Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh Amendment also extends to "arms of the state," such as state agencies and departments. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Chisolm v. McManimon*, 275 F.3d 315, 322–23 (3d Cir. 2001) ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant"). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).[3]

Courts in this District applying this test have held that the Parole Board is an arm of the state and entitled to Eleventh Amendment immunity. *See, e.g.*, *Ferguson v. Isabella*, No. 12-2662, 2014 WL 282757, at *3 (D.N.J. Jan. 21, 2014) (dismissing claim as "[c]ourts in this District have consistently found that the New Jersey State Parole Board is a state agency entitled to Eleventh Amendment immunity from suit in federal court"); *Glover v. New Jersey State Parole Bd.*, No. 17-2889, 2017 WL 3671249, at *2 (D.N.J. Aug. 25, 2017) ("The Parole Board, a state agency, is entitled to Eleventh Amendment immunity from suit in federal court"); *Randolph v. New Jersey*

---

[3] "A waiver of sovereign immunity must be express and unambiguous to confer subject matter jurisdiction on a court." *Treasurer of New Jersey*, 684 F.3d at 396. Plaintiff does not allege that the Parole Board waived its sovereign immunity.

*State Parole Off.*, No. 07-376, 2007 WL 1521189, at *3 (D.N.J. May 21, 2007) ("[T]he New Jersey State Parole Board is not a 'person' subject to suit under 42 U.S.C. § 1983"). The Court therefore finds that the Parole Board is an arm of the state and immune from suit under the Eleventh Amendment. *See Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014) ("The Eleventh Amendment protects a state or state agency from a suit brought in federal court regardless of the relief sought").

      ii.    <u>Police Department</u>

With respect to the Police Department, the Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court decided in *Monell* that a municipality can be liable under Section 1983 "only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). "To prevail on a *Monell* claim under § 1983, a plaintiff must first establish that the municipality had a policy or custom that deprived him of his constitutional rights." *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015), *aff'd*, 657 F. App'x 134 (3d Cir. 2016). Here, Plaintiff exclusively supplies conclusory allegations that do not withstand Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges, "[t]he acts complained of herein were carried out by the defendants pursuant to the customs, usages, practices, procedures, and rules of Little Egg Harbor Township and the New Jersey State Parole Board, all under the supervision of ranking officers of said governmental entity." (Compl. ¶ 27.) Further, "Defendants, collectively and individually, while acting [under] the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality authority, which is forbidden by the constitution of the United States." (*Id.* at ¶ 28.) This is insufficient to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6). *See Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 475 (D.N.J. 1998) ("The Court is not required to accept conclusory allegations"). Therefore, his *Monell* claims fail.

Plaintiff's conspiracy claims pursuant to Section 1985 are equally unavailing. Beyond alleging Defendants' acts "deprived [P]laintiff of the rights, privileges, and immunities guaranteed [by the U.S. Constitution]," (Compl. ¶ 29), and that "Defendants collectively, and individually, and collaboratively, while under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule . . .," (*id.* ¶ 32), Plaintiff fails to clarify the actual conspiracy at issue. Therefore, his Section 1985 claims fail. *See Dykeman v. Ahsan*, 765 F. App'x 830, 833 (3d Cir. 2019) ("At no point has Dykeman clarified his conspiracy allegations. Accordingly, the District Court correctly dismissed these claims"); *Jones v. Maher*, 131 F. App'x 813, 815 (3d Cir. 2005) ("The District Court also correctly dismissed Johnson's conspiracy claim, as his broad and conclusory allegations were insufficient to state a viable claim under 42 U.S.C. § 1985").

The Court has already availed Plaintiff of the opportunity to amend the Complaint, (*see* ECF No. 6), and to date, Plaintiff has declined to do so, despite the deadline for amendment expiring almost two months ago. Therefore, the Court is left with no choice but to take the as-filed version of the Complaint to be operative, and DISMISSES the Complaint.

**THEREFORE**, it is on this 13th day of November, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-1), is **GRANTED**;
2. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e);
3. The Clerk's Office is directed to **CLOSE** this matter;
4. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Northern State Prison;

5. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the Court's dismissal as a result of its *sua sponte* screening; § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

6. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

7. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with Bruce, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited;

8. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

                                                                          **ROBERT KIRSCH**
                                                                          **UNITED STATES DISTRICT JUDGE**